Matter of Liet Han v J.P. Morgan Sec., LLC (2024 NY Slip Op 02594)

Matter of Liet Han v J.P. Morgan Sec., LLC

2024 NY Slip Op 02594

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 653456/23 Appeal No. 2249-2250 Case No. 2023-05480, 2023-06156 

[*1]In the Matter of Liet Han, Petitioner-Respondent,
v
J.P. Morgan Securities, LLC, Respondent-Appellant, Financial Regulatory Authority, Inc., Respondent. 

Orrick, Herrington & Sutcliffe LLP, New York (Daniel A. Rubens of counsel), for appellant.
Rasco Klock Perez & Nieto, LLC, New York (Blaine Bortnick of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered November 29, 2023, in favor of petitioner and against respondent in the amount of $2,590,550, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 2, 2023, which granted petitioner's petition to confirm an arbitration award and denied respondent's notice of cross-petition to vacate the award and motion for a stay and for leave to file a supplemental memorandum, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Regardless of any procedural deficiencies in respondent's cross-petition to vacate the arbitration award (CPLR 402), the court had jurisdiction over the proceeding and could either confirm or vacate the award (see CPLR 304[a], 7510, 7511). After petitioner commenced the proceeding, respondent could oppose the award "either by motion . . . to vacate or modify the award . . . or by objecting to the award in opposition to an application to confirm the award" (Matter of Pine St. Assoc., L.P. v Southridge Partners, L.P., 107 AD3d 95, 100 [1st Dept 2013]). Although the court found the cross-petition was not procedurally proper, it nonetheless proceeded to review the merits of the petition to confirm the award.
Respondent has not shown that the court improvidently exercised its discretion in declining its request for a stay or adjournment of the proceeding to confirm the arbitration award pending the availability of the arbitration record and denying respondent leave to file a supplemental memorandum (see Pena-Vazquez v Beharry, 82 AD3d 649, 649 [1st Dept 2011]; see also Matter of Steven B., 6 NY3d 888, 889 [2006]; Marquez v 171 Tenants Corp., 220 AD3d 575, 576 [1st Dept 2023]). Respondent points out that CPLR 7511 grants a party 90 days to make an application to vacate or modify an arbitration award, and the Federal Arbitration Act (FAA) likewise provides a three-month window to move to vacate (9 USC § 12). However, respondent cites no authority for treating these statutory limitations periods as entitling it to a stay of a court's consideration of a timely petition.
Respondent also fails to demonstrate that the court improvidently exercised its discretion in denying its request for a stay under these circumstances, when the arbitration record was received six days before it filed its brief in opposition to the petition to confirm. Thus, respondent had time to reference or annex the arbitration record or attach relevant exhibits from the arbitration.
On this record, respondent has not shown that the court erred in confirming the award and rejecting its arguments that the arbitration panel showed a "manifest disregard of the law" (Matter of Nexia Health Tech., Inc. v Miratech, Inc., 176 AD3d 589, 590-591 [1st Dept 2019]). The New York choice-of-law provision in the parties' arbitration agreement did not dictate the substantive defamation law to be applied so unambiguously as to make the arbitration majority's [*2]apparent application of New Jersey law to petitioner's claim an "egregious impropriety on the part of the arbitrators" (id. at 591). The majority did not provide an explanation for its award, and because petitioner's defamation claim was a "justifiable ground for the decision," respondent's manifest-disregard arguments as to petitioner's other claims are unpersuasive (see Tullett Prebon Fin. Servs. v BGC Fin., L.P., 111 AD3d 480, 481-482 [1st Dept 2013], lv denied 22 NY3d 864 [2014]).
We have considered respondent's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024